IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| GARLAND FLEMING, PRO SE, § <br> TDCJ-CID No. 847295, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> DOUGLAS DRETKE and, § <br> GENE L. DULANEY, § <br> § <br> Defendants. § | 2:04-CV-0262 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff GARLAND FLEMING, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

**PLAINTIFF'S COMPLAINT**

Plaintiff complains that on October 1, 1998, defendant DULANEY, Judge of the 106th District Court of Dawson County, violated plaintiff's right to Due Process by issuing a "false, void, written judgment" allowing plaintiff to be incarcerated for an "invalid cumulative 20-year sentence" and that defendant DRETKE is wrongly imprisoning plaintiff pursuant to such judgment.

Plaintiff requests $750,000.00 in punitive damages, "a pro-se lawyers fee" and immediate release from prison or that the Court takes steps to authorize such release.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Boyd v. Biggers*, 31 F3d 279, 283 n.4 (5th Cir. 1994).  Thus, plaintiff's request for immediate release must be pursued

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

through a petition for writ of habeas corpus.

As to plaintiff's requests for monetary relief, a favorable decision concerning the claims advanced in this cause would necessarily call into doubt the validity of the conviction leading to plaintiff's present incarceration.  Any section 1983 claim which attacks the unconstitutionality of a conviction or sentence does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)(section 1983 complainant sought money damages based upon alleged unlawful acts by law enforcement officials that had led to the plaintiff's arrest and conviction); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).  Plaintiff's own allegations demonstrate his conviction has not been reversed, expunged, invalidated or called into question.  Plaintiff's claims asserted in the instant cause clearly fall within the scope of *Heck* and are barred until plaintiff can fulfill the *Heck* requirement.  Consequently, plaintiff's claims lack an arguable legal basis and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

IT IS HEREBY ORDERED:

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED AS FRIVOLOUS AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

3

Plaintiff's claims sounding in habeas are DISMISSED WITHOUT PREJUDICE to being pursued by filing a petition for writ of habeas corpus. Plaintiff is cautioned he must first exhaust state remedies before filing a federal petition for writ of habeas corpus.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  31st  day of May, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE